**ORIGINAL**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CV603-78 |
| | Civil Action No. |
| Plaintiff, | |
| vs. | |
| L.A. WATERS FURNITURE COMPANY, INC., D/B/A RENTOWN, | |
| | JURY TRIAL |
| Defendant. | DEMANDED |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the bases of sex (including but not necessarily limited to sexual harassment) and retaliation, and to provide appropriate relief to the charging party, Ms. Monica Strobridge, who was adversely affected by such practices. Ms. Strobridge was subjected to verbal and physical sexual harassment over the course of her employment and ultimately discharged in retaliation for opposing such sexual

harassment.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) (Title VII), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Georgia, Statesboro Division.

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 28 U.S.C. § 2000e-5(f)(1) and (3).

2

4.     At all relevant times, Defendant L.A. Waters Furniture Company, Inc., d/b/a Rentown ("Defendant") has continuously been a corporation doing business in the State of Georgia and the cities of Statesboro, Claxton, Vidalia, Swainsboro, Eastman, Baxley, and Jesup, Georgia (among other cities), and has continuously had at least 15 employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.     More than 30 days prior to the institution of this lawsuit, Ms. Strobridge filed her charge with the Commission alleging a violation of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least November 2001, Defendant engaged in unlawful employment practices at its Swainsboro, Georgia facility, in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a), by subjecting Ms. Strobridge to:

 (a) discrimination based upon her sex, female (including but not necessarily limited to sexual harassment); and

 (b) adverse employment action, culminating in discharge, in retaliation for opposing practices made unlawful by Title VII.

8. The effects of the practices complained of in paragraph 7 above have been to deprive Ms. Strobridge of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and because she engaged in protected activity.

9. The unlawful employment practices complained of in paragraph 7 above were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of Ms. Strobridge.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sexual harassment against women and any other employment practice

which discriminates on the basis of sex and involvement in protected conduct.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Ms. Strobridge, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to front pay and/or rightful-place reinstatement of Ms. Strobridge.

D. Order Defendant to make whole Ms. Strobridge by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Ms. Strobridge by providing compensation for non-pecuniary losses resulting from the unlawful employment

practices described above, including emotional pain and suffering, anxiety, stress, depression, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay to Ms. Strobridge punitive damages for Defendant's malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

[Signatures on following page]

Respectfully submitted,

GWENDOLYN YOUNG REAMS
Associate General Counsel

S. ROBERT ROYAL
Regional Attorney
Georgia Bar No. 617505
STEVEN M. TAPPER
Senior Trial Attorney
Georgia Bar Number: 698018

U. S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
ATLANTA DISTRICT OFFICE
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6820
Facsimile:   (404) 562-6905